UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CERIOUS McCRAY,
               Petitioner,

v.

ADRIAN H. ANDERSON,
Sheriff of Dutchess County Jail,
               Respondent.
--------------------------------------------------------------x

**ORDER**

20 CV 2247 (VB) (LMS)

      Petitioner, who is proceeding pro se and in forma pauperis, moves for reconsideration of the Court's Order dated June 22, 2020 (Doc. #15), denying petitioner's motions (Docs. ##12, 13) for default judgment and for a hearing on same. (See Docs. ##16, 17).

      The motion for reconsideration (Docs. #16, 17) is DENIED.

      "To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001). Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Local Civil Rule 6.3. The motion must be "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc., v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000). Further, the motion "may not advance new facts, issues, or arguments not previously presented to the court." Randell v. United States, 64 F.3d 101, 109 (2d Cir. 1995). This limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

      Having carefully reviewed its earlier decision and petitioner's instant motion, the Court concludes it did not overlook facts or precedent that might have altered its conclusions respecting petitioner's meritless motions for default judgment and a hearing. Simply, there are no credible allegations or evidence in the record to support petitioner's claims that he is entitled to default judgment because respondent never served petitioner with an answer to the petition, filed a fraudulent proof of service of the answer, and has conspired in bad faith to deprive petitioner of his mail. Moreover, petitioner's submission inappropriately advances new issues and arguments not previously presented to the Court, which is improper on a motion for reconsideration.

      However, petitioner claims he never received by mail respondent's answer to the petition and supporting documents. (See Docs. ##9, 10). Accordingly, it is HEREBY ORDERED:

1

1. By <u>July 21, 2020</u>, respondent shall re-serve petitioner with copies of his answer and supporting documents, and shall file proof of service of same.

2. Petitioner's reply, if any, to respondent's answer must be filed and served by <u>August 30, 2020</u>.

This case remains referred to the magistrate judge for consideration of petitioner's habeas corpus petition.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore <u>in forma pauperis</u> status is denied for the purpose of an appeal. Cf. <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to petitioner at the address on the docket.

The Clerk is instructed to terminate the motions. (Docs. ##16, 17).

Dated: July 14, 2020
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge