UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Cerious McCray,

                              Petitioner,             **OPINION AND ORDER**

      -against-                             20 Civ. 2247 (VB) (AEK)

Adrian H. Anderson,

                              Respondent.
---------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

Currently pending before the Court is pro se Petitioner's renewed motion to strike Respondent's answer to his petition for a writ of habeas corpus. ECF Nos. 21, 23.[1] Petitioner claims that he was never properly served with Respondent's answer and supporting papers. ECF No. 23 ("Motion to Strike") at 2-3.[2] In addition to requesting that the Court strike Respondent's answer, Petitioner again seeks a hearing for, and the entry of, a default judgment. Petitioner also seeks additional time to file a reply to Respondent's answer,[3] as well as leave to move for an order directing Respondent to provide additional documents that Petitioner contends should have been included in Respondent's answering papers. Id. at 4-5.

---

[1] A two-page notice of motion was filed on September 4, 2020, ECF No. 21, and a duplicate of that document was filed on September 9, 2020, ECF No. 22. The remainder of the motion papers were filed on September 9, 2020. ECF No. 23.

[2] For ease of reference, citations to page numbers from the Motion to Strike are to the page numbers assigned by the Court's Electronic Case Filing ("ECF") system.

[3] Although Petitioner asks for this additional time, he has already filed a Reply Memorandum of Law. See ECF No. 31.

1. **Prior Motion Practice and Court Orders**

Petitioner previously filed two motions for default judgment based on allegations that he was never served with Respondent's answering papers. ECF Nos. 12-13, 16-17. The Court denied both motions. ECF Nos. 15, 19. In addressing the first motion, the Court noted that "[o]n June 11, 2020, respondent <u>timely</u> answered the petition, and served petitioner by mail with the answer and supporting papers." ECF No. 15 (emphasis in original) (citing ECF Nos. 9-11). In the Court's Order denying Petitioner's second motion—which the Court treated as a motion for reconsideration—the Court required Respondent to "re-serve petitioner with copies of his answer and supporting documents" by July 21, 2020 and "file proof of service of same" since "petitioner claims he never received by mail respondent's answer to the petition and supporting documents." ECF No. 19. On July 17, 2020, Respondent re-served his answering papers on Petitioner and filed proof of service via ECF. ECF No. 20.

2. **Motion to Strike**

Despite the prior orders and the re-service of Respondent's answering papers, Petitioner filed the Motion to Strike based on what he asserts is newly discovered evidence: the "Dutchess County Jail grievance file no. 2020-31," which relates to a grievance that Petitioner filed on July 3, 2020, claiming that a conspiracy had prevented him from receiving Respondent's answering papers. <u>See</u> Motion to Strike at 24. A grievance investigation report dated July 13, 2020 explained that the legal mail that Petitioner received from Respondent in connection with this matter—that is, the original service of Respondent's answer and supporting papers—was placed with Petitioner's separately secured property because it was delivered in large boxes that could not be brought to Petitioner's unit. <u>Id.</u> at 21. Although a corrections officer reported that he printed a new property sheet on the date that the boxes were received and had the new property

2

sheet delivered to Petitioner with his regular mail, Petitioner claimed that almost three weeks passed before he received notice that the boxes of legal mail had been placed with his property. Id. Petitioner alleged that the Sheriff and his authorized delegates were engaged in a "conspiracy of silence" against Petitioner regarding his legal matters. Id. The decision adjudicating Petitioner's grievance rejected Petitioner's claim of a "conspiracy of silence" against him. Id. at 20; see id. at 21 ("The legal mail was not placed in [Petitioner's] property 'designed to obstruct the correspondence, or to pry into the official business of the legal matter.'"). However, the grievance decision noted that based on Petitioner's complaint, jail policy was changed "to have the property officer have the inmate sign that the oversized amount of legal work was put in his property and that the inmate will need to request what items they need out of the legal paper work." Id. at 21; see also id. at 20 ("This grievance is accepted by granting inmate McCray his actions requested by changing policy to now have an inmate sign for legal mail that has been placed in his property by having a 'received inmate property form' completed with the inmate and the property officer. This completed form will be placed in with the inmate's property sheet in his folder in property when completed and the inmate will keep a copy for his records.").

Petitioner claims that even though Respondent was ordered to re-serve his answering papers by July 21, 2020, "the mail was never served to Petitioner," and he refers the Court to an Inmate Property Inventory Report and a Received Inmate Property Form, both dated July 20, 2020. Id. at 2, 28-29. Those documents show, however, that the boxes of legal papers were received at the Dutchess County Jail and placed in the property room with the rest of Petitioner's personal effects, that Petitioner was notified of this, and that Petitioner requested to inspect them. Id. at 28-29.

In Respondent's opposition to the Motion to Strike, counsel filed an affidavit in which she explains that Respondent's answering papers were re-served in a single large box and sent to Petitioner by certified mail, with a return receipt requested. ECF No. 25 ("Aff. in Opp'n") ¶ 7 & Exs. 3-4. Respondent's counsel states that on July 20, 2020, she sent an email to Deputy Jason Ramsey at the Dutchess County Jail to confirm Petitioner's receipt of the box, and Deputy Ramsey stated that because of the size of the box, it was placed in Petitioner's secure property. Id. ¶ 8. Respondent's counsel also provides a copy of what she states is "the contents of Petitioner's secure property and the time it was logged in," which reflects that two boxes of legal papers were logged in at 9:59 on June 16, 2020 (the original service of Respondent's answer and supporting papers), and one box of legal papers was logged in at 8:44 on July 20, 2020 (the re-service of Respondent's answer and supporting papers). See Aff. in Opp'n Ex. 5; see also Motion to Strike at 25-26, 28 (Inmate Property Inventory Reports for 7/13/2020 and 7/20/2020). Respondent contends that the record establishes that he (i) "timely served Petitioner at the Dutchess County Jail on June 11, 2020, however, due to policies in place at the jail at that time, Petitioner did not take physical possession of the legal papers and was not notified that the box had been delivered to the jail"; and (ii) "re-served Petitioner by certified mail with return receipt on July 17, 2020 and this time [Petitioner] was advised that the legal mail had been delivered and he signed a form to that effect." Aff. in Opp'n ¶ 9.

Based on the evidence provided by the parties, the Court finds that Respondent properly and timely served his answering papers on Petitioner both in June 2020 and then again in July 2020. Even if Petitioner was not properly informed that the papers had been received by the jail when Respondent initially served them in June, the record shows that Petitioner was informed that the papers had been received by the jail when they were re-served in July and was able to

4

request access to them. Moreover, Petitioner acknowledges that he did, in fact, receive Respondent's answering papers and "was finally able to fully and fairly examine the Answer with its supporting papers" after he was released from the Dutchess County Jail. Motion to Strike at 3. Accordingly, there is no basis for the Court either to strike Respondent's answer to the Petition or grant Petitioner a default judgment, and Petitioner's motion seeking this relief is **DENIED**.

3.    **Petitioner's Requests for Production of Additional Records**

As part of the Motion to Strike, Petitioner also requests that the Court "enlarge the time for petitioner to object to material omissions in the transcripts and briefs provided by respondent with leave to move for an order that respondent furnish other parts of existing transcripts and briefs or that parts of untranscribed stenographer notes be transcribed and furnished for re-examination of petitioner's claims based on [sic] full record." Motion to Strike at 5. Rather than grant leave to allow Petitioner to make separate motions to address these issues, the Court treats the current motion as seeking the production of the various records identified by Petitioner. The particular "material records, transcripts, and/or briefs" that Petitioner alleges should have been included in Respondent's answering papers are as follows (listed here in the manner described by the Petitioner in his filings):

    a.  Untranscribed arraignment notes of November 16, 2011;

    b.  Untranscribed conference notes of November 23, 2010;

    c.  Untranscribed conference notes of September 26, 2011;

    d.  Petitioner's Pro Se Discovery/Dismissal Motion of December 14, 2010;

    e.  Petitioner's Exhibits A-H in support of his Pro Se Memorandum of Law in Support of Application in the Nature of Unconstitutional

5

        Conviction for writ of error coram nobis, filed with the Second Department Appellate Division;

  f. Petitioner's motions for reconsideration (with attachments) to the New York Court of Appeals of both the denial of his applications for leave to appeal, the Second Department's coram nobis denial, and the Third Department's state habeas corpus appeal denial;

  g. Petitioner's uncontroverted motion to reargue appeal from the resentence, filed with the Second Department Appellate Division;

  h. Petitioner's motion under Section 50-e of New York State Civil Rights Law, filed with the Dutchess County Court in [Criminal Procedure Law] 440.10 proceedings;

  i. Petitioner's state habeas corpus petition with attachments, filed with the Franklin County Supreme Court;

  j. Petitioner's appellate brief and reply on appeal from the denial of his state habeas petition, filed with the Third Department Appellate Division;

  k. Petitioner's letter motions, applications, and/or notices for leave to appeal the Third Department Appellate Division denial of his state habeas appeal to the New York Court of Appeals; and

  l. Petitioner's Documentary Account Rendered – 233 PAGES and his 3 News Paper [sic] Articles Regarding Agent Richard J. Sassi Jr.'s Arrest May Jeopardize Drug Cases – 3 PAGES (which were both filed pro se with the New York Court of Appeals).

Motion to Strike at 3-4, ¶¶ 6(a)-(l).

In his opposition papers, Respondent states that

> untranscribed notes and proceedings are not a part of the record and any documents prepared and filed by Petitioner in the course of legal proceedings instituted by Petitioner ought to be supplied by Petitioner. It is not the responsibility of Respondent to supply documents which Petitioner may deem relevant to this proceeding. Moreover, many of the documents Petitioner references are unrelated to his Dutchess County judgment of conviction.

Aff. in Opp'n ¶ 10.

In his reply affirmation, ECF No. 30 ("Reply Aff."), Petitioner states that he "filed a motion with this district court requesting an order for <u>inter alia</u> the afore-referenced material information (<u>i.e.</u> records, notes, transcripts and/or briefs etc.)," citing a list that includes the same documents as referenced at paragraphs 6(a)-(j) of the Motion to Strike. Reply Aff. ¶ 4.[4] Elsewhere, Petitioner contends that "the procedural requirements of Habeas Rule 5 and Rule 5(a), 7, and 10(c), Fed. R. Civ. P., mandates [sic] that the respondent should have disclosed and produced the afore-referenced material information and records in a timely fashion." <u>Id.</u> ¶ 7. In the prayer for relief in his reply affirmation, Petitioner requests an order to "produce the documents listed in his motion papers at paragraph six to be made part of the record," <u>id.</u> at 15—in other words, that Respondent be ordered to produce those documents as part of the state court record provided in Respondent's answering papers.

    a.    **Applicable Habeas Rules**

The Order to Answer issued by the Court in this matter directed that Respondent file and serve "the transcripts and briefs identified in Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ['Habeas Rules']." ECF No. 5. Rule 5(c) of the Habeas Rules states that "[t]he respondent must attach to the answer parts of the transcript that the respondent considers relevant," and provides that the judge "may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished." Rule 5(d)(1) of the Habeas Rules states that the respondent must include with

---

[4] Although Petitioner's reply affirmation lists only ten of the twelve omitted items that he lists in the Motion to Strike, the reply affirmation is a direct response to Respondent's affirmation in opposition to the Motion to Strike, which disputes the notion that Respondent is required to provide any of the additional documents sought by Petitioner. Thus, the Court assumes that Petitioner still seeks to have Respondent produce all of the items listed in his initial moving papers.

7

the answer "any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding."

### b. Untranscribed Stenographer Notes

Habeas Rule 5(c) states that the judge may order "that parts of untranscribed recordings be transcribed and furnished." Petitioner seeks "untranscribed stenographer notes," as opposed to untranscribed recordings, of an arraignment and two conferences. See Motion to Strike at 5; id. at 3, ¶¶ 6(a)-(c). But even assuming Habeas Rule 5(c) contemplates that the Court could order such notes to be transcribed and furnished, Petitioner has not shown that these notes are relevant or necessary to the resolution of his habeas claims. Cf. Saunders v. Comm'r of Dep't of Corr., No. 3:13CV626 (MPS), 2015 WL 893395, at *2 (D. Conn. Feb. 27, 2015)[5] ("Because the petitioner has not demonstrated that any relevant portions of trial or habeas transcripts have not been submitted to the Court, the motion seeking an order that the respondent submit trial and habeas transcripts is denied."). Accordingly, Petitioner's request for the untranscribed notes is **DENIED**.[6]

### c. Documents Not Submitted to Appellate Courts

Other documents that Petitioner seeks—specifically, Petitioner's Pro Se Discovery/Dismissal Motion of December 14, 2020; Petitioner's motion under Section 50-e of the New York State Civil Rights Law, filed with the Dutchess County Court in Criminal

---

[5] In accordance with Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009) and Local Rule 7.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, a copy of this and all other unpublished cases cited herein shall be simultaneously delivered to pro se Petitioner along with this Opinion and Order.

[6] If the Court later determines that such notes are relevant or necessary to its disposition of Petitioner's claims, it may order that the record be expanded to include them. See Habeas Rule 7(a) ("If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition.").

Procedure Law § 440.10 proceedings; and Petitioner's "state habeas corpus petition with attachments filed with the Franklin County Supreme Court," Motion to Strike at 3-4, ¶¶ 6(d),(h),(i)— are not briefs submitted by Petitioner in an appellate court, and therefore Respondent need not provide them pursuant to Habeas Rule 5(d)(1).. See Saunders, 2015 WL 893395, at *2 ("Rule 5 does not require a respondent to file copies of pre-trial discovery motions or responses to those motions or copies of amended habeas petitions filed in state court proceedings."); Bozsik v. Bradshaw, No. 1:03 Civ. 1625, 2010 WL 7702230, at *29-30 (N.D. Ohio June 4, 2010) (denying petitioner's request for copies of a post-conviction motion for a new trial, a post-conviction petition, supplements, and exhibits, and a motion for leave to file a new trial, as they were not appellate briefs and thus did not have to be produced under Habeas Rule 5, but ordering Respondent to file "Petitioner's brief related to his appeal to the Supreme Court of Ohio in connection with a state habeas petition," citing Habeas Rule 5(d)(1)). Accordingly, Petitioner's request for these documents is **DENIED**.

### d. Additional Documents to Be Produced by Respondent

Petitioner claims that "Petitioner's Exhibits A-H in support of his pro se Memorandum of Law in Support of Application in the Nature of Unconstitutional Conviction for writ of error coram nobis filed with the Second Department Appellate Division are missing from respondent's Answer, at Exhibit 33." Motion to Strike at 3, ¶ 6(e). The Court reviewed this 125-page memorandum of law—which is actually Exhibit 28 to Respondent's answering papers—and found references to documents labeled Exhibit A through Exhibit H by Petitioner. See ECF No. 9 ("Aff. in Answer") Ex. 28 at 89-90. There is no indication, however, that these exhibits were ever attached to, or filed as part of, the memorandum of law itself, and there is no legal basis to require Respondent to provide documents that were not part of the brief as filed by Petitioner.

9

That said, if these exhibits were, in fact, filed as part of the memorandum of law in support of Petitioner's coram nobis petition, the exhibits would have to be provided by Respondent pursuant to Habeas Rule 5(d)(1). Accordingly, Petitioner's request for the production of these records is **GRANTED**, but only to the extent the exhibits were actually included as part of Petitioner's as-filed brief. The Court hereby directs Respondent to make inquiry at the Appellate Division, Second Department as to whether the memorandum of law on file with the appellate court includes Exhibits A through H, and to inform this Court of the outcome of such inquiry. If the exhibits are on file with the Appellate Division, Second Department, then Respondent must obtain copies of these documents, serve them upon Petitioner, and file them with the Court.

Next, Petitioner seeks his "motions for reconsideration (with attachments) to the New York Court of Appeals of both the denial of his applications for leave to appeal the Second Department's coram nobis denial and the Third Department's state habeas corpus appeal denial." Motion to Strike at 3, ¶ 6(f). These documents, as well as Petitioner's "appellate brief and reply on appeal from the denial of his state habeas petition filed with the Third Department Appellate Division," id. at 4, ¶ 6(j), and his "letter motions, applications, and/or notices for leave to appeal the Third Department Appellate Division denial of his state habeas appeal to the New York Court of Appeals," id. at 4, ¶ 6(k), fall within the ambit of Habeas Rule 5(d)(1) as briefs "that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding."[7] Accordingly, Petitioner's request

---

[7] According to the Petition, Petitioner's state habeas petition was filed in Franklin County Supreme Court in September 2015, and it concerned his conviction in Dutchess County in 2011 that is the subject of the instant federal habeas proceeding. See ECF No. 2 at 12-15, ¶¶ 14(ii)-(iv); see also People ex rel. McCray v. LaClair, 161 A.D.3d 1490 (3d Dep't 2018) (Third Department Memorandum and Order affirming a judgment entered in Supreme Court, Franklin County that denied Petitioner's state habeas petition, as well as two orders that denied Petitioner's motions for reconsideration and/or renewal, and noting that "Petitioner is currently

for these documents is **GRANTED**, and Respondent is directed to provide these documents to Petitioner and file them with the Court.

Petitioner also seeks his "uncontroverted motion to reargue appeal from the resentence filed with the Second Department Appellate Division." Motion to Strike at 4, ¶ 6(g). Respondent has included in his answering papers a copy of the Appellate Division, Second Department Decision and Order denying that motion, Aff. in Answer Ex. 26, and in accordance with Habeas Rule 5(d)(1), Respondent must provide a copy of Petitioner's motion to reargue. Accordingly, Petitioner's request for this document is **GRANTED**, and Respondent is directed to provide these documents to Petitioner and file them with the Court.

Lastly, Petitioner claims that his "Documentary Account Rendered – 233 PAGES and his 3 News Paper [sic] Articles Regarding Agent Richard J. Sassi Jr.'s Arrest May Jeopardize Drug Cases – 3 PAGES (which were both filed pro se with the New York Court of Appeals) are missing from the respondent's Answer at Exhibit 19." Motion to Strike at 4, ¶ 6(l). The Court reviewed Exhibit 19 and notes that the proof of service included as part of that exhibit states that the two documents now requested by Petitioner were filed along with the remainder of Petitioner's submission to New York Court of Appeals Judge Sheila Abdus-Salaam, which sought reconsideration of the denial of his application for leave to appeal. But based on the Court's review of Exhibit 19, it appears that these documents have not been included here as part of the exhibit. Accordingly, Petitioner's request for these documents is **GRANTED**, and Respondent is directed to provide these documents to Petitioner and file them with the Court.

---

serving a prison term of 10 years following his 2011 conviction of two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree"), leave dismissed and denied, 32 N.Y.3d 1143 (2019).

11

## CONCLUSION

For the reasons stated above, Petitioner's Motion to Strike (ECF Nos. 21, 23) is **GRANTED IN PART AND DENIED IN PART**. In accordance with Habeas Rule 5(d)(1), Respondent is hereby ordered to serve upon Petitioner and file with the Court the following materials:

(1) Petitioner's "Motions for Reconsideration (with attachments) to the New York Court of Appeals of both the denial of his applications for leave to appeal the Second Department's coram nobis denial and the Third Department's state habeas corpus appeal denial";

(2) Petitioner's "uncontroverted motion to reargue appeal from the resentence filed with the Second Department Appellate Division";

(3) Petitioner's "appellate brief and reply on appeal from the denial of his state habeas petition filed with the Third Department Appellate Division";

(4) Petitioner's "letter motions, applications, and/or notices for leave to appeal the Third Department Appellate Division denial of his state habeas appeal to the New York Court of Appeals"; and

(5) Petitioner's "Documentary Account Rendered – 233 PAGES and his 3 News Paper [sic] Articles Regarding Agent Richard J. Sassi Jr.'s Arrest May Jeopardize Drug Cases – 3 PAGES (which were both filed pro se with the New York Court of Appeals) . . . missing from the respondent's Answer at Exhibit 19." See Motion to Strike at 3-4, ¶¶ 6(f)-(g),(j)-(l). The foregoing documents are to be served and filed by Respondent **by no later than August 11, 2021**.

As set forth above, the Court further orders Respondent to make inquiry at the Appellate Division, Second Department as to whether the copy of Petitioner's memorandum of law in

support of his petition for a writ of error coram nobis that is on file with the appellate court includes Exhibits A through H, and to inform the Court by letter of the outcome of this inquiry **by no later than August 2, 2021**. If Exhibits A through H are on file with the Appellate Division, Second Department, then Respondent must serve them upon Petitioner and file them with the Court **by no later than September 1, 2021**.

In all other respects—including Petitioner's request to strike the Respondent's answer and to enter a default judgment against the Respondent—the Motion to Strike is **DENIED**.

Although Petitioner has already filed a Reply Memorandum of Law in further support of the Petition, see ECF No. 31, Petitioner is hereby authorized (but is not obligated) to file a further reply memorandum of law after receiving the additional materials that will be produced by Respondent in light of this Order. Petitioner's deadline to serve and file such further reply is **October 8, 2021**.

The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 21 and 23.

Dated: July 12, 2021
       White Plains, New York

                                        **SO ORDERED.**

                                        _____
                                        ANDREW E. KRAUSE
                                        United States Magistrate Judge

A copy of this Opinion and Order will be mailed to the pro se Petitioner by Chambers.