UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CERIOUS McCRAY,                               :
                Petitioner,               :
                                          :       **OPINION AND ORDER**
v.                                            :
                                          :       20 CV 2247 (VB)
ADRIAN H. ANDERSON,                           :
Sheriff of Dutchess County Jail,              :
                Respondent.               :
--------------------------------------------------------------x

Briccetti, J.:

      Petitioner Cerious McCray, proceeding pro se and in forma pauperis, commenced this action on March 12, 2020, by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Doc. #2). At the time the Petition was filed, petitioner was housed in the Dutchess County Jail in Poughkeepsie, New York. On April 14, 2020, the Court ordered respondent to answer the Petition. (Doc. #5). On June 11, 2020, respondent filed a memorandum of law and a supporting declaration with exhibits in opposition to the Petition. (Docs. ##9–10). Petitioner filed his reply on April 19, 2021. (Doc. #30).

      For the following reasons, the Petition is DISMISSED as moot.[1]

---

[1] Petitioner requested "that the Court appoint him a lawyer to represent him on this petition since it involves the invalidation of his convictions that were unconstitutionally used to enhance his current sentence and involves legal matters of unusual difficulty." (See Doc. #2 at ECF 36). Because the Court concludes the Petition is moot, petitioner's request for the appointment of counsel is DENIED.

      "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

1

**BACKGROUND**

I.    Indictment and Conviction

On November 9, 2010, petitioner was indicted in Dutchess County Court (the "County Court") on two counts of criminal sale of a controlled substance in the third degree, in violation of New York Penal Law § 220.39; and two counts of criminal possession of a controlled substance in the third degree, in violation of New York Penal Law § 220.16. The charges were based on petitioner's unlawful possession and sale of cocaine to a confidential informant on August 25 and September 2, 2010, in Beacon, New York. (Doc. #9-4).

On October 20, 2011, following a jury trial, petitioner was convicted on all four counts. (Doc. #9-13 at ECF 116–17). On November 29, 2011, petitioner was sentenced as a second felony offender to determinate terms of ten years' imprisonment on each count, with the sentences on counts one and two to run concurrently with each other, and on counts three and four to run concurrently with each other as well as consecutively to the sentences on counts one and two, for a total term of imprisonment of twenty years. (Doc. #9-1 at ECF 1). Petitioner was also sentenced to a three-year period of post release supervision, to run concurrently on all four counts.

II.    Direct Appeal

Petitioner timely appealed his conviction, arguing (i) the evidence was legally insufficient to support his conviction; (ii) he received ineffective assistance of counsel; (iii) the County Court erred in sentencing him as a second felony offender; and (iv) his sentence was excessive. (Doc. #9-15).

By order dated May 29, 2013, the Appellate Division, Second Department, affirmed petitioner's conviction on all counts but found that "[t]he sentence, although legally permissible,

is excessive." (Doc. #9-2 at 2). The Appellate Division ordered that petitioner's sentence be modified such that his terms of imprisonment on each count would all run concurrently.

On June 17, 2013, petitioner sought leave to appeal the Appellate Division's order affirming his conviction to the New York State Court of Appeals. (Doc. #9-17). On August 19, 2013, the Court of Appeals denied the application. (Doc. #9-19). Petitioner then sought leave to file a motion for reconsideration of this denial. (Doc. #9-21). On August 28, 2014, the Court of Appeals denied the motion for reconsideration. (Doc. #9-24).

III.     Resentencing

On July 13, 2013, the County Court resentenced petitioner, in accordance with the Appellate Division's order, to four determinate terms of imprisonment of ten years, to run concurrently, for a total term of imprisonment of ten years. (Doc. #9-25 at 5–6). Petitioner was also resentenced to a three-year period of post-release supervision, to run concurrently on each count.

According to the New York State Department of Corrections and Community Supervision website, petitioner was conditionally released on parole on June 9, 2019. See N.Y. State Dep't of Corrs. & Cmty. Supervision, Incarcerated Lookup, https://nysdoccslookup.doccs.ny.gov [https://perma.cc/KE5V-TBNC] (last visited Sept. 16, 2024). The maximum expiration date for petitioner's post-release supervision on this conviction was April 11, 2023. Id.

IV.     Resentencing Appeal

On March 15, 2017, the Appellate Division, Second Department, affirmed petitioner's resentencing. (Doc. #9-29). On July 24, 2017, the Appellate Division denied petitioner's

application for leave to reargue the appeal of his resentence (Doc. #9-30) and his application for a certificate granting leave to appeal his resentencing to the Court of Appeals (Doc. #9-31).

V.      Writ of Error Coram Nobis

On June 29, 2018, petitioner submitted to the Appellate Division a petition for a writ of error coram nobis to vacate the May 29, 2013, order affirming his conviction. Petitioner primarily argued he had received ineffective assistance of appellate counsel. (Doc. #9-32). On November 21, 2018, the Appellate Division denied petitioner's application. (Doc. #9-34). On March 25, 2019, the Court of Appeals denied petitioner's application for leave to appeal the denial of his coram nobis petition. (Doc. #9-35).

VI.     Motion to Vacate Judgment of Conviction

On April 29, 2019, petitioner submitted to the County Court an application to vacate his November 29, 2011, judgment of conviction pursuant to New York Criminal Procedure Law § 440.10. (Doc. #9-37). On November 7, 2019, the County Court denied petitioner's application. (Doc. #9-39). On December 20, 2019, the Appellate Division rejected petitioner's appeal from the denial of his Section 440.10 motion because he had failed to supply copies of all the submissions filed with the County Court. (Doc. #9-40).

VII.    Prior Convictions

In 1997, petitioner was convicted of criminal possession of a controlled substance in the fourth degree in Columbia County, New York. (Doc. #9-6 at 3). The maximum expiration date for petitioner's sentence on that conviction was August 28, 2005. (Doc. #9-42). In addition, in 2000, petitioner was convicted of criminal possession of a controlled substance in the third degree in Dutchess County. (Doc. #9-6 at 5). The maximum expiration date for his sentence on the 2000 conviction was September 23, 2014. (Doc. #9-43).

4

**DISCUSSION**

I.  Mootness

"Unlike the 'in custody' requirement," which is satisfied so long as a habeas petitioner is in custody at the time he files his petition, "mootness is not fixed at the time of filing but must be considered at every stage of the habeas proceeding." Nowakowski v. New York, 835 F.3d 210, 217 (2d Cir. 2016).[2] Because the maximum expiration date for petitioner's post-release supervision on the conviction challenged here has expired, the Court must assess whether his Petition still presents a justiciable case or controversy.

Thus, on June 20, 2024, the Court directed petitioner to submit a supplemental brief addressing why the Petition is not moot. (Doc. #38). On July 12, 2024, having received a notice that its prior two mailings to petitioner's listed address were not deliverable, the Court directed respondent to file a supplemental brief addressing mootness. (Doc. #40). On July 23, 2024, having received respondent's brief, the Court again directed petitioner to submit a supplemental brief addressing why the Petition is not moot. (Doc. #42). The Court's July 23 order was also returned as not deliverable. To date, the Court has received no response from petitioner.

A.  Legal Standard

"In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." United States v. Mercurris, 192 F.3d 290, 293 (2d Cir. 1999). An incarcerated or paroled petitioner's challenge to his conviction "always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a

---

[2]  Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

concrete injury, caused by the conviction and redressable by invalidation of the conviction." Spencer v. Kemna, 523 U.S. 1, 7 (1998).  However, once a petitioner's sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole—some collateral consequence of the conviction—must exist if the suit is to be maintained."  Id.

When a petitioner challenges his criminal conviction, "the Supreme Court has been willing to presume the existence of collateral consequences sufficient to satisfy the case or controversy requirement."  United States v. Mercurris, 192 F.3d at 293 (emphasis omitted).  The reason for this presumption is that convicted criminals often face "civil disabilities," including being "barred from certain offices, voting in state elections, and serving as a juror."  Lane v. Williams, 455 U.S. 624, 632–33, 633 n.13 (1982).  "However, where a habeas petitioner only challenges a sentencing enhancement, and not the underlying conviction itself, the court does not presume the existence of collateral consequences because comparable civil disabilities generally do not arise from the length of a sentence."  Al-Sadawi v. United States, 2011 WL 888118, at *4 (E.D.N.Y. Mar. 14, 2011).³  "This court has repeatedly held that challenges to the validity of a sentence are mooted by the expiration of that sentence and thus not justiciable once the sentence has been served."  Lewis v. N.Y. State Sup. Ct., 2020 WL 5775031, at *1 (S.D.N.Y. Sept. 28, 2020) (collecting cases).  In addition, "even where a criminal conviction is the subject of the inquiry, if the identified collateral consequences arise from separate and independent grounds from that conviction, the conviction can have no meaningful effect . . . and hence cannot serve as a possible collateral consequence."  Nowakowski v. New York, 835 F.3d at 225 n.19.

---

³   Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009) (per curiam).

The Second Circuit imposes the burden of proof to demonstrate such collateral consequences on the petitioner, who "must identify some continuing collateral consequences that may flow from his criminal conviction." Nowakowski v. New York, 835 F.3d at 225. Once a petitioner proffers a collateral consequence, the burden shifts to the state "to prove by sufficient evidence that there is 'no possibility' such consequences will attach to his conviction." Id. (quoting Sibron v. New York, 392 U.S. 40, 57 (1968)).

B.  Analysis

At the outset, the Court notes the Petition is over 200 handwritten pages containing a wide range of allegations, including assertions of various conspiracies and other misconduct by state officials. This Order focuses on the two specific grounds for relief raised by petitioner: (i) the County Court improperly considered his prior 1997 and 2000 felony convictions in imposing a sentence for his 2011 conviction, and (ii) petitioner was deprived of effective assistance of appellate counsel on direct appeal from his 2011 conviction and on appeal from his resentencing. (See Doc. #2 at 37, 102).

With respect to the first ground for relief, petitioner "does not challenge his underlying conviction with this claim, but only his sentence." Al-Sadawi v. United States, 2011 WL 888118, at *4. The appropriate remedy, then, would be to consider a sentence reduction for his 2011 conviction. But the sentence for petitioner's 2011 conviction expired, at the latest, on April 11, 2023. "In the habeas context, if a petitioner's sentence ends before final adjudication of the habeas petition, any challenges to the validity of the sentence are mooted." Williams v. Smith, 2023 WL 7008174, at *2 (S.D.N.Y. June 27, 2023), R&R adopted, 2023 WL 6938293 (S.D.N.Y. Oct. 20, 2023). As such, petitioner's request for relief based on the County Court's alleged

7

improper consideration of his prior felony convictions in imposing his sentence for his 2011 conviction is moot.[4]

In his second ground for relief, petitioner asserts he did not receive effective assistance of appellate counsel on direct appeal from his conviction and on appeal from his 2013 resentencing. The Second Circuit places the burden on "habeas petitioners to identify at least some collateral consequence that threatens them." Nowakowski v. New York, 835 F.3d at 225. Here, petitioner's only mention of collateral consequences stemming from his 2011 conviction is found in his reply brief, in which he states he has been released on parole, but he is "currently suffering collateral consequences as a result of the void judgment of the purported County Court of Dutchess County (Alfieri, J.), rendered on November 29, 2011." (Doc. #31 at 2).

As discussed above, petitioner's challenges to the length of his sentence are rendered moot by the expiration of his sentence, which includes any assertion that he received ineffective assistance of counsel in appealing the length of his sentence. See Garcia v. Schultz, 2010 WL 1328349, at *4–5 (S.D.N.Y. Jan. 13, 2010) (holding that a petitioner's challenge to the length of his sentence on the grounds of ineffective assistance of counsel was moot once his period of parole had expired), R&R adopted, 2010 WL 1328333 (S.D.N.Y. Apr. 2, 2010). In addition, petitioner fails to allege any collateral consequences stemming from his 2011 conviction (as opposed to his sentence), which he also challenges on the basis of ineffective assistance of

---

[4] To the extent that petitioner's assertions may be construed as directly challenging the validity of his 1997 and 2000 convictions, petitioner was not "in custody" pursuant to his 1997 or 2000 convictions as of the filing of the instant petition on March 12, 2020, as his sentences for those convictions expired in 2005 and 2014, respectively. See Maleng v. Cook, 490 U.S. 488, 490–91 (1989) (finding petitioner was not "in custody" pursuant to a prior conviction that had "been used to enhance the length of a current or future sentence"). As such, the Court cannot consider any challenge to petitioner's 1997 or 2000 convictions.

8

counsel.  "[T]he state should not bear the burden of both identifying and refuting every possible alleged consequence in its laws."  Nowakowski v. New York, 835 F.3d at 225.

Nevertheless, the Court may look to collateral consequences "regularly appearing in this context" including, "future sentence enhancement, impeachment, or civil disabilities."  Nowakowski v. New York, 835 F.3d at 225.  However, here, the collateral consequences that typically attach to a felony conviction cannot satisfy petitioner's burden because his 2000 conviction for the same offense—criminal possession of a controlled substance in the third degree—provides a separate and independent ground for such collateral consequences.  See Perez v. Greiner, 296 F.3d 123, 126 (2d Cir. 2002).

For example, petitioner may have asserted that his 2011 conviction may serve as a basis to enhance a future sentence under New York's law regarding repeat felony offenders.  However, his 2000 conviction for criminal possession of a controlled substance in the third degree, a class B felony, would provide an independent ground for an enhancement to a future criminal sentence.  See N.Y. Penal Law § 70.06(1)(a) ("[A] second felony offender is a person . . . who stands convicted of . . . one or more predicate felony convictions.").  In any event, the possibility that a petitioner may receive an enhanced future sentence because of the challenged conviction is not sufficient to create a case or controversy because it is "contingent upon [the petitioner's] violating the law, getting caught, and being convicted."  Spencer v. Kemna, 523 U.S. at 15.  In cases such as this, the Supreme Court has instructed district courts to assume petitioners "will conduct their activities within the law and so avoid prosecution and conviction."  Id.  The same reasoning applies with respect to the possibility that petitioner's 2011 felony conviction could be used to impeach him in a future proceeding.  Id. at 15–16.

Without some indication that petitioner's 2011 conviction "marginally increases some risk or consequence" not already present because of his 2000 conviction—which is petitioner's burden to show—the Petition is moot.  See Nowakowski v. New York, 835 F.3d at 225 n.19.

II.   Federal Rule of Civil Procedure 41

An additional independent ground for dismissal of the Petition is petitioner's failure to prosecute this case or update the Court with his current address.

   A.   Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may dismiss an action based on a plaintiff's failure to prosecute or comply with an order of the Court. Moreover, the Court has the inherent power to dismiss a case sua sponte for failure to prosecute—a power "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962).  "A habeas petitioner, like any plaintiff in a civil case, has a general obligation to prosecute his case diligently, and, if he fails to do so, the Court may dismiss the action under Rule 41(b) for failure to prosecute."  Ikpemgbe v. New York, 2021 WL 4198409, at *1 (S.D.N.Y. Sept. 15, 2021); see also Fed. R. Civ. P. 81(a)(4)(A) (applying the Federal Rules of Civil Procedure to certain habeas proceedings).

In determining whether dismissal under Rule 41(b) is appropriate, courts in this Circuit consider five non-dispositive factors:  "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately

considered a sanction less drastic than dismissal." Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam).

B. Analysis

Here, all five Baptiste factors weigh in favor of dismissal.

As to the first factor, the Court has not heard from petitioner since October 19, 2021. (See Doc. #36). This case lay dormant from October 2021 to June 2024, and petitioner has not responded to the Court's repeated attempts to contact him via telephone, email, and two different mailing addresses over the past several months. (See Docs. ##38–40, 42); see Blake v. Payane, 2011 WL 7163172, at *2 (S.D.N.Y. Mar. 11, 2011) ("[T]he first factor weighs in favor of dismissal because this case has lain dormant for more than two and one-half years, during which time the Petitioner has failed to do so much as to update the Court concerning his whereabouts."), R&R adopted, 2012 WL 388473, at *1 (S.D.N.Y. Feb. 7, 2012).

As to the second factor, the Court sent petitioner multiple notices that failure to update the Court with his current address might result in dismissal of the Petition. (See Docs. ##39, 42). In addition, the "Habeas Information Package" sent to plaintiff in April 2020 stated: "If your contact information changes, it is your responsibility to notify the court in writing, even if you are incarcerated and transferred to another facility or released from custody. . . . Your case could be dismissed if you do not notify the court of an address change." (Doc. #7 at ECF 2).

As to the third factor, prejudice to the respondent may be presumed when, as here, there has been an unreasonable delay in the proceedings. See Ikpemgbe v. New York, 2021 WL 4198409, at *1.

As to the fourth factor, petitioner has received a fair chance to be heard on mootness, the Petition is otherwise fully submitted, and "it is not an efficient use of the Court's resources to

11

permit this case to languish on the docket in the hope that petitioner will reappear in the future." Smith v. Griffen, 2017 WL 4466453, at *3 (S.D.N.Y. Aug. 31, 2017), R&R adopted, 2017 WL 4477062 (S.D.N.Y. Oct. 5, 2017).

As to the fifth factor, the Court has considered sanctions less drastic than dismissal, but when "Petitioner simply ignores the Orders of the Court, and the Court and counsel have no way of communicating with him, any other sanction would be ineffective." Beaman v. Yelich, 2014 WL 1813926, at *2 (S.D.N.Y. May 6, 2014).

Accordingly, even if the Petition were not moot, the Court dismisses the case for failure to prosecute under Rule 41(b).

## CONCLUSION

Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2254 is DISMISSED as moot and also for failure to prosecute under Rule 41(b).

Because petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability will issue. See 28 U.S.C. § 2253; see also Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112–13 (2d Cir. 2000).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is directed to close this case.

Chambers will mail a copy of this Opinion and Order and all unpublished decisions cited herein to petitioner at the address listed on the docket.

Dated: September 24, 2024
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge